IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BERNIE QUARTERMAN, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF WALTHOURVILLE, GEORGIA; and MAYOR DAISY S. PRAY, in her individual capacity, <br><br> Defendants. | CIVIL ACTION NO.: 4:20-cv-6 |

**O R D E R**

This matter is before the Court on Defendant City of Walthourville's Motion to Stay Discovery. Doc. 18. On January 6, 2020, Plaintiff filed his Complaint under 42 U.S.C. § 1983. Doc. 1. On March 4, 2020, Defendants City of Walthourville ("City" or "the City") and Daisy S. Pray filed motions to dismiss. Docs. 14, 15. Defendant City has now moved to stay discovery and the Rule 26 obligations in this case until those motions are resolved. Doc. 18 at 1. Defendant City maintains that Defendant Pray consents to such a stay. Id. Plaintiff opposes the request for a stay. Doc. 25 at 2. Upon careful consideration and for good cause shown, the Court **GRANTS** Defendant's Motion to Stay. Doc. 18.

Defendants have filed motions to dismiss in this case, arguing Plaintiff fails to state a claim upon which relief may be granted. Doc. 14 at 1; Doc. 15-1 at 4. Generally, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be [] resolved before discovery begins." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997). Motions to dismiss for failure to

state a claim almost always present a purely legal question with "no issues of fact because the allegation contained in the pleading are presumed to be true." Id. (citing Mitchell v. Duval Cty. Sch. Bd., 107 F.3d 837, 838 n.1 (11th Cir. 1997)). In providing the reasoning for this practice, the Eleventh Circuit has recognized that:

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Id. (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-4079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss]."). However, this is a general practice and not an absolute one. "Chudasama does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss." Alexander v. Allen, No. 2:13-cv-885, 2014 WL 3887476 at *1 (M.D. Fla. Aug. 7, 2014) (quoting Koock v. Sugar & Felsenthal, LLP, No. 8:09-cv-609, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009)). Instead, "Chudasama and its progeny stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." Id. (internal citations

omitted).  While Defendants may not ultimately be entitled to dismissal of Plaintiff's claims against them, they should be entitled to a stay in discovery so long as their motions are "upon preliminary review, 'clearly meritorious and truly case dispositive.'"  Sams v. GA West Gate, LLC, No. 4:15-cv-282, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016) (quoting McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006)).  Taking a "preliminary peek" at Defendants' motions to dismiss, Defendants make a non-frivolous argument that Plaintiff failed to state a claim for which relief may be granted.  Docs. 14, 15.  Defendants' motions to dismiss, if granted, would dispose of the case.  Id.  Accordingly, Defendants are entitled to a stay of discovery pending a ruling on their motions.

Thus, the Court **STAYS** the parties' Rule 26 discovery obligations and deadlines, pending resolution of Defendants' motions to dismiss.  Docs. 14, 15.  After a ruling on these motions, this stay shall automatically be lifted, should any claims remain pending.  The Court **DIRECTS** the parties to conduct a Rule 26(f) conference within 14 days of the date of said order.  This conference must be held in person or telephonically.  The parties shall file their required Rule 26(f) report within seven days of the date of the conference.  Upon receipt of the Rule 26(f) report, the Court will issue a scheduling order.

**SO ORDERED**, this 16th day of April, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA