## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| BERNIE QUARTERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV420-006 |
| | ) | |
| CITY OF WALTHOURVILLE, | ) | |
| GEORGIA; MAYOR DAISY S. PRAY, | ) | |
| In her Official & Individual | ) | |
| Capacity; CITY CLERK MELISSA | ) | |
| JONES, In her Official & | ) | |
| Individual Capacity; CITY | ) | |
| ATTORNEY JEFFERY ARNOLD, In | ) | |
| his Official & Individual | ) | |
| Capacity; and CITY ATTORNEY | ) | |
| ANDREW JOHNSON, In his | ) | |
| Official & Individual | ) | |
| Capacity; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### O R D E R

Before the Court is Defendants City of Walthourville, Georgia ("Walthourville"), Melissa Jones, Jeffery Arnold, and Andrew Johnson's Motion to Dismiss Plaintiff's Fifth Amended Complaint. (Doc. 64.) Also before the Court is Defendant Daisy S. Pray's Motion to Dismiss Plaintiff's Fifth Amended Complaint. (Doc. 65.) Plaintiff Bernie Quarterman has opposed both motions. (Docs. 67, 69, 71.) For the following reasons, Defendants' motions to dismiss (Docs. 64, 65) are **GRANTED**.

## BACKGROUND[1]

This case stems from Plaintiff's allegations that Defendants retaliated against him for reporting the criminal conduct of Walthourville's former mayor Defendant Pray while Plaintiff was serving as Walthourville's Chief of Police. (Doc. 62 at 7-9.) According to Plaintiff's Fifth Amended Complaint,[2] at some point

---

[1] For the purposes of this order, the Court will accept all factual allegations in the Complaint as true and construe all allegations in the light most favorable to Plaintiff. Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. 2008). However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). The Court notes that Plaintiff's Fifth Amended Complaint includes many pure legal conclusions that will not automatically be accepted as true. (See, e.g., Doc. 62 at ¶ 39 ("The Plaintiff was subjected to the adverse action because of his opposition to an unlawful employment practice[.] [T]he adverse employment action would not have occurred but for that opposition." (citation omitted)).)

[2] Plaintiff, who was proceeding pro se in this case until recently (Doc. 74), filed numerous lengthy complaints comprised of confusing and sometimes incoherent allegations against Defendants (Docs. 1, 26, 35, 47). As a result, the Magistrate Judge directed Plaintiff to file one last amended complaint that satisfied the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2). (Doc. 61 at 3-5.) While still representing himself, Plaintiff filed his Fifth Amended Complaint. (Doc. 62.) Although the current complaint contains some of the deficiencies of previous filings, the Court found Plaintiff sufficiently complied with the Magistrate Judge's directions. (Doc. 63.) In light of Plaintiff's pro se status when he filed his current complaint, the Court has construed his inartfully drafted allegations liberally; however, the Court will not rewrite Plaintiff's complaint to allege a proper claim for relief. See Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). Further, the Court will not look outside the four corners of the complaint to Plaintiff's numerous other filings to supplement any deficiencies in the Fifth Amended Complaint. Gibbs v. Republic Tobacco, L.P., 119 F. Supp. 2d 1288, 1290 (M.D. Fla. 2000) ("Although a complaint submitted pro se must be construed

during his tenure as Chief of Police,[3] Defendant Pray demanded that Plaintiff plant drugs in another city councilmember's car. (Id. at ¶¶ 35-36.) Defendant Pray also allegedly "threaten[ed] to shot [sic] the Plaintiff in the head[.]" (Id. at ¶ 35.) Plaintiff reported Defendant Pray's misconduct to District Attorney Tom Durden ("D.A. Durden") and insisted on a formal investigation. (Id. at ¶ 32.) Plaintiff also alleges he filed an "OSHA Whistleblower Complaint[,]" but fails to elaborate on the contents of the complaint or when it was sent. (Id. at ¶ 35.)

On an unalleged date, presumably after Plaintiff's whistleblowing activities, Defendant Arnold, a city attorney for Walthourville, announced at a meeting with all Defendants present that D.A. Durden had agreed not to pursue an investigation into Defendant Pray if Defendants "[got] rid of [Plaintiff.]" (Id. at ¶ 34.) Defendant Arnold and Defendant Johnson, also a city attorney, then represented Walthourville at administrative hearings that resulted in Plaintiff's termination. (Id. at ¶ 42.) Defendant Pray was the adjudicator of the administrative hearings, and Defendant Jones, the Walthourville City Clerk, was the only witness at the hearings. (Id. at ¶¶ 40, 43.) Defendant Pray and

_____

liberally, when deciding a motion to dismiss, a court can only examine the four corners of the complaint." (citation omitted)).
[3] Plaintiff's Fifth Amended Complaint fails to provide dates for when the events in question occurred but states that Plaintiff was promoted to Chief of Police in 2015 and held the position until January 10, 2018. (Doc. 62 at ¶ 8.)

Defendant Jones allegedly "colluded to create allegations of wrongdoing against the Plaintiff" at these hearings. (Id. at ¶ 43.)

Based on these allegations, Plaintiff brings the following claims against Defendants: (1) a claim for Defendants' failure to pay overtime under the Fair Labor Standards Act ("FLSA"); (2) a retaliation claim under the FLSA; (3) a retaliation claim under Title VII of the Civil Rights Act of 1964; (4) a procedural due process "Fair Procedure" claim under 42 U.S.C. § 1983; and (5) a procedural due process claim for deprivation of liberty under 42 U.S.C. § 1983.[4] (Id. at ¶¶ 28-51, 55-61.) Now, Defendants Walthourville, Jones, Arnold, and Johnson move jointly to dismiss Plaintiff's Fifth Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 64 at 1.) Additionally, Defendant Pray has a filed a separate motion to dismiss under Rule 12(b). (Doc. 65 at 1.) Plaintiff has opposed both motions.[5] (Doc. 67, 69, 71.) As explained below, the Court finds that both motions to dismiss (Docs. 64, 65) are due to be granted.

---

[4] The Court does not construe Plaintiff's "Count V" as a separate claim for relief. Count V is titled "Defendants, in their individual capacity, are NOT entitled to qualified immunity on Plaintiff's claims under 42 U.S.C. § 1983." The allegations included in Count V are simply legal arguments meant to rebut any qualified immunity defense that Defendants may have presented and do not state an independent claim for relief.

[5] Plaintiff does not delineate to which motion to dismiss he is responding in each of his responses. For the purposes of this order, the Court considers the arguments contained in each of his responses where they may be construed as opposition to either of the motions to dismiss.

4

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id. (alteration in original) (quoting Twombly, 550 U.S. at 557, 127 S. Ct. at 1966).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570, 127 S. Ct. at 1974). For a claim to have facial plausibility, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quotation

5

omitted), abrogated on other grounds by Mohamad v. Palestinian Auth., 566 U.S. 449, 132 S. Ct. 1702, 182 L. Ed. 2d 720 (2012). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief." ' " Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. at 1966). Additionally, a complaint is sufficient only if it gives "fair notice of what the . . . claim is and the grounds upon which it rests." Sinaltrainal, 578 F.3d at 1268 (quotation omitted).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Id. at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation[.]" Iqbal, 556 U.S. at 678, 129 S. Ct. at 1950. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [plaintiff's] allegations." Sinaltrainal, 578 F.3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary

element." <u>Watts v. Fla. Int'l Univ.</u>, 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting <u>Twombly</u>, 550 U.S. at 545, 127 S. Ct. at 1959).

## ANALYSIS

As stated previously, Defendants Walthourville, Jones, Arnold, and Johnson filed a joint motion to dismiss (Doc. 64), while Defendant Pray filed a separate motion to dismiss (Doc. 65). However, many of the defenses Defendant Pray raises in her motion to dismiss mirror the defenses the raised in the joint motion to dismiss. Additionally, Defendants all contend that Plaintiff's complaint is due to be dismissed for failure to state a claim upon which relief can be granted. (Doc. 64, Attach. 1 at 3; Doc. 65 at 3.) In the interest of efficiency, therefore, the Court will often analyze the motions to dismiss, and Plaintiff's responses thereto, simultaneously. The Court will now discuss whether Plaintiff's claims should survive Defendants' motions to dismiss.

I.  <u>PLAINTIFF'S OFFICIAL CAPACITY CLAIMS AGAINST DEFENDANTS PRAY, JONES, ARNOLD, AND JOHNSON ARE REDUNDANT</u>

The Court will first address the argument raised in both motions to dismiss that Plaintiff's official capacity claims against the individual defendants should be dismissed because they are redundant due to Plaintiff's claims against Walthourville. (Doc. 64, Attach. 1 at 9; Doc. 65 at 3, n.1.) Plaintiff does not address this argument in any of his responsive briefs.

7

The Eleventh Circuit has held that when a plaintiff brings a § 1983 action against a local government official in his or her official capacity, "the suit is simply another way of pleading an action against an entity of which an officer is an agent." Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (internal quotation marks omitted) (citing Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)). As the Eleventh Circuit explained, "[b]ecause suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly . . . ." Busby, 931 F.2d at 776 (citations omitted). This same reasoning has been applied to claims brought under the FLSA and Title VII. See, e.g., Thrower v. Peach Cnty., Ga., Bd. of Educ., No. 5:08-CV-176 (MTT), 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) (finding FLSA claim against individual defendant sued in official capacity was redundant because of claim against employer defendant); Burnett v. Walker Cnty. Comm'n, No. 6:12-cv-01506-HGD, 2014 WL 12820099, at *3 (N.D. Ala. Apr. 14, 2014) ("[S]ince the Walker County Commission remains as a defendant[,] . . . any [FLSA] claim against the individual Commissioners in their official capacities would be redundant[.]"); Wheeles v. Nelson's Elec. Motor Servs., 559 F. Supp. 2d 1260, 1267 (M.D. Ala. 2008) ("[W]hen

a [Title VII] plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action." (citing <u>Taylor v. Alabama</u>, 95 F. Supp. 2d 1297, 1309 (M.D. Ala. 2000)).

In this case, Plaintiff brings official capacity claims against Defendants Pray, Jones, Arnold, and Johnson under the FLSA, Title VII, and § 1983. Because Plaintiff alleges that these individuals were all Walthourville employees (Doc. 62 at ¶ 1), Plaintiffs official capacity claims against them are redundant due to his identical claims against Walthourville. As a result, Defendants' motions to dismiss (Docs. 64, 65) are **GRANTED** to the extent they seek dismissal of Plaintiff's official capacity claims against Defendants Pray, Jones, Arnold, and Johnson.

II.  <u>DEFENDANTS PRAY, JONES, ARNOLD, AND JOHNSON ARE NOT SUBJECT TO INDIVIDUAL LIABILITY UNDER THE FLSA OR TITLE VII</u>

The Court now turns to Defendants' arguments that they are not subject to individual liability under either Title VII or the FLSA. (Doc. 64, Attach. 1 at 7-9, 12; Doc. 65 at 6-8, 16.) Plaintiff does not respond to Defendants' arguments regarding individual liability under Title VII.[6] Plaintiff also appears to concede that Defendants Jones, Arnold, and Johnson are not subject to individual liability under the FLSA. Plaintiff does argue, however, that

---

[6] As discussed below, Plaintiff appears to abandon his Title VII claims entirely in his response brief. (Doc. 69 at 12.)

9

Defendant Pray qualified as his employer under the FLSA and is therefor subject to individual liability. (Doc. 69 at 8-9.) The Court finds that under either statute, Plaintiff's individual capacity claims are due to be dismissed.

### a. Title VII Individual Capacity Claims

Individual capacity claims are plainly disallowed in actions brought under Title VII. See Wheeles, 559 F. Supp. 2d at 1267 ("In the Eleventh Circuit, a plaintiff may not bring a Title VII claim against an employer's agent in his individual capacity." (citations omitted)); Busby, 931 F.2d at 772 ("The relief granted under Title VII is against the **employer,** not individual employees whose actions would constitute a violation of the Act." (emphasis in original) (citations omitted)). In light of this precedent, Defendants' motions to dismiss (Docs. 64, 65) are **GRANTED** to the extent they seek dismissal of Plaintiff's individual capacity Title VII claims brought against Defendants Pray, Jones, Arnold, and Johnson.

### b. FLSA Individual Capacity Claims

Unlike Title VII, the FLSA does allow for claims against individuals in limited circumstances. An individual may face liability for violations of the FLSA if he or she qualifies as an "employer" under the Act. See Lee v. City of Walthourville, No. 4:18-cv-90, 2019 WL 339631, at *2 (S.D. Ga. Jan. 28, 2019) (citing 29 U.S.C. §§ 215(a)(3), 216(b)). The Act defines an "employer" as

"any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency . . . ." 29 U.S.C. § 203(d). In determining whether an individual working for a privately owned company meets this definition, courts look to see whether the individual exercised "the degree and type of operational control that will support individual liability." Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1309 (11th Cir. 2013); see also Moore v. Appliance Direct, Inc., 708 F.3d 1233, 1237 (11th Cir. 2013) (explaining corporate officers can be held personally liable as FLSA employers if they have "operational control of a corporation's covered enterprise' (quoting Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986))).

However, in Welch v. Laney, the Eleventh Circuit held that a sheriff sued in his individual capacity did not qualify as an employer under the FLSA. 57 F.3d 1004, 1011 (11th Cir. 1995) (finding sheriff in his individual capacity did not qualify as dispatcher's employer under FLSA). The Eleventh Circuit later reinforced this holding in Wascura v. Carver, when it applied the holding of Welch to cases brought under the Family and Medical Leave Act of 1993 ("FMLA"), which contains an identical definition of the term "employer". 169 F.3d 683, 686 (11th Cir. 1999) ("Welch establishes as the law of this circuit that a public official sued in his individual capacity is not an 'employer' subject to individual liability under the FLSA."). District courts in this

11

circuit have consistently applied this rule and found that public officials are not subject to individual liability under the FLSA or the FMLA, regardless of the level of control the public official may exercise over the public employee. See, e.g., Burnett, 2014 WL 12820099, at *3 ("[T]his FLSA action may not be maintained against the [county commissioners] in their individual capacities."); Spurrier v. Bd. of Trs. of the Univ. of Ala., No. 2:16-cv-00151-RDP, 2016 WL 4137971, at *6 (N.D. Ala. Aug. 4, 2016) (dismissing individual capacity FMLA claims against public officials because "[i]t [was] only within the scope of their official duties" that they controlled the plaintiff's employment); Austin v. Glynn Cnty., No. CV 220-073, 2021 WL 210850, at *5 (S.D. Ga. Jan. 7, 2021) (finding Eleventh Circuit precedent mandated dismissal of plaintiff's individual capacity FLSA claims against sheriff defendant).

Based on the above precedent, the Court finds that Plaintiff's FLSA claims against Defendants Pray, Jones, Arnold, and Johnson in their individual capacities are due to be dismissed because these Defendants are public officials who do not qualify as "employers" under the FLSA. Plaintiff's argument that Defendant Pray "had 100% 'control' " (Doc. 69 at 6) over him is irrelevant because any control Defendant Pray exercised over Plaintiff was derived from her official capacity as mayor and did not expose her to individual liability under the FLSA. See Lee, 2019 WL 339631, at *3 (following

Eleventh Circuit precedent and dismissing individual capacity FLSA claims against Defendant Pray in an unrelated case). As a result, the motions to dismiss (Docs. 64, 65) are **GRANTED** to the extent they request dismissal of Plaintiff's FLSA claims against Defendants Pray, Jones, Arnold, and Johnson in their individual capacities.

III. <u>PLAINTIFF DOES NOT STATE A VALID FLSA CLAIM AGAINST WALTHOURVILLE</u>

In contrast to the individual defendants, Walthourville qualifies as Plaintiff's employer under the FLSA and is subject the requirements of the Act. 29 U.S.C. § 203(d). Nevertheless, Walthourville contends that Plaintiff's FLSA claims should be dismissed because (1) Plaintiff failed to allege facts supporting his FLSA overtime claim in Count I, (2) Plaintiff's overtime claim is barred by the two-year statute of limitations set forth in 29 U.S.C. § 255(a), and (3) Plaintiff fails to state a plausible FLSA retaliation claim in Count II. (Doc. 64, Attach. 1 at 5-7, 10-11.) The Court will now analyze whether Plaintiff has alleged valid FLSA claims against Walthourville.

a. <u>FLSA Overtime Claims</u>

"The FLSA mandates that an 'employee[]' who is 'engaged in interstate commerce' must be paid an overtime wage of one and one-half time his regular rate for all hours he works in excess of forty hours per week." <u>Joesendis v. Wall to Wall Residence Repair,</u>

<u>Inc.</u>, 662 F.3d 1292, 1298 (11th Cir. 2011) (quoting 29 U.S.C. § 207(a)). The FLSA also creates a "private cause of action against his employer" for any covered employee who is not paid appropriate overtime wages. <u>Id.</u> (citing 29 U.S.C. § 216(b)). To state a FLSA overtime claim, a plaintiff is required to allege facts showing "a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." <u>Sec'y of Lab. v. Labbe</u>, 319 F. App'x 761, 763 (11th Cir. 2008).

Although "the requirements to state a claim of a FLSA violation are quite straightforward[,]" <u>Id.</u> at 763, Plaintiff must still allege facts supporting his claim. In Count I of the Fifth Amended Complaint, Plaintiff makes the following allegations:

    28. Defendants[] are an "Employer" by definition of the FLSA, 29 U.S.C. § 203 et seq[.]

    29. Plaintiff is non-exempt for purposes of the FLSA, 29 U.S.C. § 201 et[.] seq. Plaintiff did not meet all of the elements to be considered exempt.

    30. Defendants have violated the FLSA, 29 U.S.C. § 207, by failing to pay (overtime) accrued compensation time wages for time Plaintiff worked.

    31. Defendants failed to keep timesheets of actual hours worked violations of the FLSA were willful and in bad faith and knew or showed reckless disregard for its actions, policies, and/or omissions [sic] violated the FLSA.

(Doc. 62 at ¶¶ 28-31.) Plaintiff's complaint includes no other allegations that have any plausible connection to his overtime claim.

Walthourville is correct that the conclusory allegations listed above are not entitled to the presumption of truth and, by themselves, do not state a claim sufficient to survive a motion to dismiss. See Hanson v. Harris Teeter, LLC, No. CV 216-54, 2016 WL 6836936, at *2 (S.D. Ga. Nov. 18, 2016) (dismissing FLSA overtime claim when Plaintiff failed to allege any specific facts supporting her claim (citing Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949)). Notably, Plaintiff fails to allege the dates that he worked overtime, the amount of overtime worked, or the nature of the work. See id. ("Plaintiff provides no dates or date ranges during which she worked overtime [or] any facts indicating the nature of her work . . . ."); Rance v. Rocksolid Granit USA, Inc., 292 F. App'x 1, 2 (11th Cir. 2008) (per curiam) (affirming dismissal of pro se plaintiff's FLSA overtime claim because his "complaint and attached documentation provide no evidence of the amount and extent of his work"). In the absence of specific factual allegations which, accepted as true, would entitle Plaintiff to relief on this claim, the Court **GRANTS** Walthourville's motion to dismiss (Doc. 64) to the extent Walthourville seeks dismissal of Plaintiff's FLSA overtime claim against it.

In response to the motion to dismiss, Plaintiff appears to argue that the Court should consider allegations that he included in previous filings. (Doc. 69 at 7.) However, when the Magistrate Judge granted Plaintiff's motion to amend, he warned Plaintiff that his Fifth "Amended Complaint [would] supersede and replace his original Complaint and all other Complaints previously filed." (Doc. 61 at 4.) Plaintiff was also instructed that "[c]laims made against particular Defendants in Plaintiff's previous Complaints are not preserved unless they are also set forth in the Fifth Amended Complaint." (Id.) In light of the substantial leniency Plaintiff has been afforded throughout this case and the Magistrate Judge's clear warning that Plaintiff would not be permitted to rely on earlier filings, the Court is not considering any allegations Plaintiff failed to include in the Fifth Amended Complaint in ruling on Defendants' motions to dismiss.

b. FLSA Retaliation Claim

In addition to mandating that covered employees receive all pay to which they are entitled, the FLSA also "protects persons against retaliation for asserting their rights under the statute." Kieth v. Univ. of Miami, 437 F. Supp. 3d 1167, 1171 (S.D. Fla. 2020) (citing 29 U.S.C. § 215(a)(3)). To state a prima facie case of FLSA retaliation, a plaintiff must allege that: "(1) []he engaged in a statutorily protected activity; (2) []he subsequently suffered adverse action by the employer; and (3) a causal

connection existed between the employee's activity and the adverse action." Id. (citing Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th Cir. 2000)); see also Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc., 494 F. App'x 940, 944 (11th Cir. 2012) (per curiam) (describing elements necessary to plead retaliatory discharge claim under FLSA). A plaintiff engaged in protected activity under the FLSA if he "filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding . . . ." 29 U.S.C. § 215(a)(3). A formal complaint is not required to show an employee engaged in a protected activity, and "[i]nformal complaints to an employer regarding wage practices or any conduct that implicates the FLSA qualify as protected activity." Wigley v. W. Fla. Lighting, Inc., No. 8:04CV1524T27TGW, 2005 WL 3312319, at *4 (M.D. Fla. Dec. 7, 2005) (citations omitted).

In this case, Walthourville argues that Plaintiff failed to sufficiently allege facts supporting the first element of his retaliation claim, i.e., facts showing that he engaged in an activity protected under the FLSA. (Doc. 64, Attach. 1 at 10-11.) The Court agrees. Plaintiff alleges that he made two complaints relevant to his retaliation claim prior to his termination-his complaint to District Attorney Tom Durden about Defendant Pray's criminal conduct and his OSHA Whistleblower complaint. (Doc. 62 at

¶ 32.) Even assuming for purposes of this Order that Walthourville had notice of Plaintiff's complaints prior to terminating him, Plaintiff does not allege that these complaints were related to Walthourville committing FLSA violations or that the complaints even implicated the FLSA through references to wage and hour laws. Because Plaintiff does not allege that his complaints concerned matters governed by the FLSA,[7] the Court finds that he has failed to state a plausible claim of retaliation under the Act. Cf. Burnett v. Northside Hosp., 342 F. Supp. 2d 1128, 1134 (N.D. Ga. 2004) (explaining that employee does not have to refer to FLSA specifically in complaint to allege protected activity, **"so long as the complaint concerns the employer's wage and hour practices"** (emphasis added) (citing McKenzie v. Renberg's Inc., 94 F.3d 1478, 1486-87 (10th Cir. 1996))). Thus, Walthourville's motion to dismiss (Doc. 64) is **GRANTED** to the extent Walthourville seeks dismissal of Plaintiff's FLSA retaliation claim.

---

[7] As support for his argument that his OSHA complaint was protected activity under the FLSA, Plaintiff cites to 29 U.S.C. § 654 which requires employers to provide a workplace free of hazards. (Doc. 69 at 10.) As Walthourville recognizes in its reply brief (Doc. 70 at 5), 29 U.S.C. § 654 is not a part of the FLSA, and Plaintiff's reliance on this statute further undermines his argument that his complaints constituted protected activity under the FLSA.

IV.  PLAINTIFF'S TITLE VII CLAIMS AGAINST WALTHOURVILLE ARE DUE TO

BE DISMISSED AS ABANDONED

Walthourville also moves to dismiss Count III of Plaintiff's
Fifth Amended Complaint: retaliation in violation of Title VII.
(Doc. 64, Attach. 1 at 12.) In response, Plaintiff concedes that
his reference to Title VII in Count III was an error, and that he
intended to bring the retaliation claim in Count III under 18
U.S.C. § 1513. (Doc. 69 at 12-15.) Accordingly, Walthourville's
motion to dismiss (Doc. 64) is **GRANTED** to the extent Walthourville
seeks dismissal of Plaintiff's Title VII retaliation claim.[8]

Additionally, Plaintiff's attempt to amend Count III to raise
a claim under 18 U.S.C. § 1513 is unavailing. As discussed supra
in Section III, Part a, the Court will not allow Plaintiff to
sidestep the Magistrate Judge's ruling that the Fifth Amended
Complaint was Plaintiff's last opportunity to state his claims
against Defendants. Furthermore, even if Plaintiff were permitted
to amend his complaint, which he is not, 18 U.S.C. § 1513 is a
criminal statute that creates no private cause of action, meaning

---

[8] Even if Plaintiff had not abandoned his Title VII claim, it would
be subject to dismissal because, despite Defendants raising the
issue (Doc. 64, Attach. 1 at 14), Plaintiff has not established
that he filed his complaint within 90 days of receiving a right-
to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); Phillips
v. City of Atlanta, No. 1:15-cv-036156-TWT-RGV, 2016 WL 5429668,
at *7 (N.D. Ga. July 29, 2016) ("Once a defendant contests the
timeliness of a complaint, the plaintiff has the burden of
establishing that she met the 90-day filing requirement."
(citations omitted)).

his amendment would be futile. See <u>Lucy v. Ala. Dep't of Revenue</u>, No. 13-0141-CG-M, 2013 WL 3008514, at *3 (S.D. Ala. June 17, 2013) (explaining that 18 U.S.C. § 1513 creates no private cause of action (citation omitted)). For these reasons, the Court summarily rejects Plaintiff's attempt to amend Count III to state a claim based on 18 U.S.C. § 1513.

V.   <u>PLAINTIFF'S § 1983 DUE PROCESS CLAIMS ARE DUE TO BE DISMISSED BECAUSE PLAINTIFF FAILS TO ALLEGE FACTS SHOWING A LACK OF ADEQUATE AVAILABLE STATE REMEDIES</u>

Finally, Defendants move to dismiss Counts IV and VI of the Fifth Amended Complaint—Plaintiff's procedural due process claims. Defendants contend that the procedural due process claims fail because Plaintiff has not sufficiently alleged that he lacked an adequate remedy at state law. (Doc. 64, Attach. 1 at 13-15; Doc. 65 at 8-10.) Defendants also argue that Plaintiff's procedural due process claim based on the deprivation of a property interest fails because Plaintiff has not alleged facts showing he had a constitutionally protected interest in his continuing employment with Walthourville. (Doc. 64, Attach. 1 at 12-13; Doc. 65 at 11-14.) Because the Court agrees that Plaintiff has not alleged that Georgia state law failed to provide an adequate remedy, the Court finds that Plaintiff's procedural due process claims are due to be dismissed.

20

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To state a claim under § 1983 for denial of procedural due process, a claimant must allege '(1) deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process.' " 6420 Roswell Rd., Inc. v. City of Sandy Springs, 484 F. Supp. 3d 1321, 1333 (N.D. Ga. 2020) (quoting Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)); Searcy v. Prison Rehab Indus. & ENT, Inc., 746 F. App'x 790, 795 (11th Cir. 2018) ("[A] plaintiff has the burden of alleging that, as a result of some state action, the plaintiff was deprived of a constitutionally protected interest, and the state did not afford the plaintiff adequate process to challenge the deprivation.") In this case, the Court is focused on the third element of Plaintiff's procedural due process claims, inadequate process.

"Assuming a plaintiff has shown a deprivation of some right protected by the due process clause, we—when determining if a plaintiff has stated a valid procedural due process claim—look to whether the available state procedures were adequate to correct the alleged procedural deficiencies." Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000) (per curiam) (citations omitted). As the Eleventh Circuit explained in Cotton,

> If adequate state remedies were available but the
> plaintiff failed to take advantage of them, the
> plaintiff cannot rely on that failure to claim that the
> state deprived him of procedural due process. And, to be
> adequate, the state procedure need not provide all the
> relief available under section 1983. Instead, the state
> procedure must be able to correct whatever deficiencies
> exist and to provide plaintiff with whatever process is
> due.

Id. (citations omitted). The rule that a procedural due process
claim only lies if no adequate state remedies were available has
been repeatedly affirmed by the Court of Appeals. Flagship Lake
Cnty. Dev. No. 5, LLC v. City of Mascotte, Fla., 559 F. App'x 811,
815 (11th Cir. 2014) (per curiam) ("Again and again, this Court
has repeated the basic rule that a procedural due process claim
can exist only if no adequate state remedies are available."
(collecting cases)).

In Count IV and VI, Plaintiff appears to allege Defendants
deprived him of two constitutionally protected interests during
his termination process—a liberty interest in his reputation and
a property interest in his continuing employment. (Doc. 62 at
¶¶ 40-51, 55-61.) Plaintiff alleges the Administrative Hearings
that preceded his termination were unfair because Defendant Pray,
who presided over the hearings, colluded with Defendant Jones, who
was the only witness at the hearings, to create false allegations
against Plaintiff. (Id. at ¶¶ 40, 43.) Plaintiff also alleges that

the involvement of the mayor, a state court judge,[9] and a district attorney in his termination shows that no adequate state remedies were available to challenge his termination. (Id. at ¶ 2.)

Although Plaintiff has alleged facts which, accepted as true, show the administrative hearings preceding his termination were procedurally unfair, the Court is not persuaded that he lacked any adequate remedy at state law. Georgia law provides that, if no specific remedy at law exists and a party has a clear right to performance of an act, the party may seek a writ of mandamus through the state courts. O.C.G.A. § 9-6-20; Cotton, 216 F.3d at 1332. Federal district courts in Georgia have found that a writ of mandamus can provide due process to an employee who receives an inadequate hearing before his employment is terminated. See, e.g., Cook v. City of Jackson, No. 5:05-CV-250, 2007 WL 737514, at *6 (M.D. Ga. Mar. 7, 2007) ("Thus, even if the City had deprived Plaintiff of procedural due process in the course of his termination meeting, Plaintiff was entitled to seek a writ of mandamus to require a new hearing in order to remedy this deprivation."); Maddox v. City of Winder, No. 2:05-CV-0190-RWS, 2007 WL 788925, at *2 (N.D. Ga. March 13, 2007) (granting judgment as a matter of law because "assuming that the [pre-termination]

---

[9] Plaintiff does not identify the state court judge in the Fifth Amended Complaint. In one of his response briefs, Plaintiff states that Defendant Arnold was the state court judge in question. (Doc. 69 at 18.)

hearing provided was constitutionally inadequate, the Court sees no reason why mandamus would not lie" to compel an adequate remedy). Here, the Court finds that even if Plaintiff's pre-termination hearing was deficient, Plaintiff could have, but did not, seek a writ of mandamus from a Georgia state court ordering Walthourville to hold an adequate name-clearing hearing.[10] In the absence of an allegation that Plaintiff sought but did not receive this adequate state law remedy, Plaintiff's procedural due process claims must be dismissed for failure to state a claim. See Nurse v. City of Alpharetta, 775 F. App'x 603, 607-08 (11th Cir. 2019) (per curiam) (affirming dismissal of police officer's procedural due process claim because the officer "could have sought mandamus in a Georgia state court but did not do so"); see also Ward v. Smoke, No. 2:14-cv-675-MHT-PWG, 2015 WL 9488252, at *7 (M.D. Ala. Nov. 5, 2015) (dismissing procedural due process claim because plaintiff failed to allege that the state of Alabama had refused to provide an adequate post-deprivation remedy). For this reason, Defendants' motions to dismiss (Docs. 64, 65) are **GRANTED** to the

---

[10] Despite Plaintiff's conjecture that mandamus relief would have been futile because of the government officials involved in his termination, the Court is not aware of any precedent supporting his argument. In most cases where a municipal employee claims to have received inadequate process during termination proceedings, the accused violators of due process will likely be higher ranking government officials. The Court rejects the assertion that the presence of these government officials would render a Georgia state court judge incapable of issuing an impartial ruling on a request for mandamus.

extent that they seek dismissal of Plaintiff's procedural due process claims against Walthourville and against Defendants Pray, Jones, Arnold, and Johnson in their individual capacities.

### CONCLUSION

Based on the foregoing, Defendants' motions to dismiss (Docs. 64, 65) are **GRANTED.** As a result, Plaintiff's Fifth Amended Complaint (Doc. 5) is **DISMISSED WITH PREJUDICE.**[11] The Clerk of Court is **DIRECTED** to **CLOSE** this case

SO ORDERED this 4th day of August 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[11] The Court finds that dismissal with prejudice is warranted based on the Magistrate Judge's warning that Plaintiff had one last opportunity to amend his complaint to state a valid claim for relief. (Doc. 61 at 3 ("Plaintiff will be given **one last and final opportunity** to amend." (emphasis added)).)